IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT L. HATCHER, <br>     Plaintiff, <br><br> v. <br><br> HEWLETT-PACKARD COMPANY, <br>     Defendant. | CIVIL ACTION NO.: _____ <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Robert L. Hatcher, by and through undersigned counsel, and hereby files this COMPLAINT against Defendant Hewlett-Packard Company (hereinafter "Defendant") and shows the Court as follows:

1. Mr. Hatcher was an employee of Defendant and brings this action against the Defendant for compensation for failure to pay overtime wages, lost wages, liquidated damages, attorney's fees, costs, interest and any other relief authorized under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et. seq.* (hereinafter "FLSA") for losses suffered as a result of the Defendant's unlawful acts.

1

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, which confers original jurisdiction upon the District Court "of all civil actions arising under the constitution, laws, or treaties of the United States." This action arises by way of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, a federal statute.

3. The Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 as it pertains to Mr. Hatcher's Breach of Contract claim.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) because the acts, events and omissions which violated the FLSA occurred in the Northern District of Georgia.

5. Defendant may be served pursuant to Rule 4 of the Federal Rules of Civil Procedure by delivering the Summons and Complaint to its Registered Agent, CT Corporation System, 1201 Peachtree Street NE, Atlanta, Georgia 30361.

## ENTERPRISE AND INDIVIDUAL COVERAGE UNDER THE FLSA

6. Defendant is a Delaware Corporation that provides technology related services to individuals and businesses.

7. Defendant is an employer as defined by 29 U.S.C. §203(d).

8. At all times relevant to this lawsuit Defendant was an enterprise with more than two employees and over $500,000.00 per year in sales or business.

9. As a part of his job Mr. Hatcher worked with data that was being sent from places all over the world and stored on data storage devices in various geographic locations in the United States of America.

## FACTS THAT GIVE RISE TO THE FLSA VIOLATIONS

10. On or about December 15, 2006 Comcast contracted with Defendant whereby Defendant would build a next generation "Zimbra" e-mail messaging system infrastructure.

11. To execute the project Defendant would provide hardware, software and post-implementation support for the Zimbra system.

12. On February 21, 2007 Defendant offered Mr. Hatcher a job as a Storage Administrator in order to fulfill its contractual obligations with Comcast. This position would require Mr. Hatcher to work from home.

13. The position would pay a base salary of $7,250.00 per month along with GAP pay of 7.5 percent of his monthly salary to compensate Mr. Hatcher for his "on-call hours".

14. Mr. Hatcher accepted the position and began work on March 12, 2007.

15. Anytime an e-mail is sent or received by a Comcast User, a digital copy of that e-mail is stored on a piece of hardware called a storage device. A storage device contains many disc drives that are attached to a network of computers and used to store data.

16. Mr. Hatcher's job was to repair and maintain the storage devices used by the Zimbra e-mail infrastructure.

17. The most common problem Mr. Hatcher resolved involved hardware failures which caused missing or undeliverable e-mails.

18. When a Comcast user would believe there was a problem with a missing or undeliverable e-mail they would contact the Comcast Call

Center.  If the Comcast Call Center could not solve the problem it would contact Defendant's Customer Support helpline.  Defendant's Customer Support would then send an e-mail alert to Mr. Hatcher regarding the problem.

19.   Mr. Hatcher would never directly communicate with Comcast Users as a part of his job.

20.   Mr. Hatcher was trained by Defendant regarding the methods and procedures for troubleshooting, repairing and maintaining the storage system.  Defendant had numerous manuals and procedures indicating proper methods for maintaining and repairing problems with the storage system.

21.   Mr. Hatcher was not allowed to come up with his own methods or procedures for repairing and maintaining the system.  Rather, he was strictly required to follow Defendant's procedures for maintaining the storage system.

22.   When Mr. Hatcher attempted to repair the problem with missing or undeliverable e-mails he would first troubleshoot the storage system looking for hardware components which had failed.

23. Hardware components had diagnostic programs inside of them that Mr. Hatcher could operate. When the diagnostic program would run, it would return an error code if there were problems with the hardware or circuitry.

24. Mr. Hatcher would then order the new piece of hardware or circuitry and schedule the time for the failed component to be replaced.

25. Mr. Hatcher never made decisions about how storage systems or computers should operate; rather he implemented Defendant's pre-conceived plans for keeping storage systems at pre-determined levels.

26. Mr. Hatcher was never engaged in computer systems analysis or programming.

27. Mr. Hatcher worked from 8:00 A.M. until 5:00 P.M. during the day, addressing problems with the storage system, attending conference calls and meetings.

28. Mr. Hatcher would also work from midnight until 8:00 A.M. This nightshift was referred to as system maintenance hours. During this time he would apply upgrades to the storage system, troubleshoot potential problems and diagnose potential problems.

29. Mr. Hatcher also worked during the weekend maintenance hours of midnight to 8:00 A.M.

30. Between the hours of 5:00 P.M. and midnight, Mr. Hatcher was on-call, and had to be able to respond to issues within fifteen minutes.

31. Mr. Hatcher was compensated for this "on-call" time by his 7.5 percent GAP (Guaranteed Availability Pay).

32. Though Mr. Hatcher was initially paid GAP pay, after three months, he was not paid GAP, nor any other pay, for the hours he worked while "on-call".

33. Not including "on-call" time, Mr. Hatcher worked 96 hours per week, entitling him to 56 hours per week of overtime pay.

## COUNT I VIOLATION OF FAIR LABOR STANDARDS ACT – MINIMUM WAGE 29 U.S.C. §207(a)(1)

34. Mr. Hatcher reincorporates and readopts all allegations contained in paragraphs 1-33 above.

35. Mr. Hatcher was entitled to be paid overtime for every hour over forty that he worked in a week.

36. Defendant failed to pay Mr. Hatcher overtime compensation.

37. As a result of Defendant's willful violation of the FLSA, Mr. Hatcher is entitled to recover lost wages, liquidated damages, costs, attorney fees and any other damages the Jury deems appropriate in this situation.

## COUNT II BREACH OF CONTRACT

38. Mr. Hatcher reincorporates and readopts all allegations contained in paragraphs 1-33 above.

39. Defendant agreed in writing and orally to pay Mr. Hatcher 7.5% GAP pay for his on-call hours.

40. Defendant breached this promise.

41. Mr. Hatcher was damaged as a result of the breach.

42. The conduct of Defendant constitutes those aggravating circumstances that entitle Mr. Hatcher to recover punitive damages pursuant to O.C.G.A. §51-12-5.1.

43. The actions of Defendant constitute and are evidence of bad faith conduct in the series of events that give rise to the cause of action and entitle Mr. Hatcher to recover all the expense of litigation, including reasonable attorney fees as provided by O.C.G.A. §13-6-11.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hatcher demands judgment against the Defendant for payment of all overtime hours, lost wages, liquidated damages, attorney's fees, costs, interest, and all further relief the Court or Jury determines to be just and appropriate.

## JURY DEMAND

Mr. Hatcher requests a Jury Trial for all issues this Court deems appropriate for the jury.

Dated this 6th day of February, 2015.

/s/ *Thomas C. Wooldridge*
Thomas C. Wooldridge
Georgia Bar No. 384108
Wooldridge & Jezek, LLP
1230 Peachtree Street NE
Suite 1900
Atlanta, GA 30309
Tel:  404.942.3300
Fax: 404.942.3302
Attorney for Plaintiff